*Rawn, for defendant.*

---

*Court of Common Pleas, Dauphin County, April 12th, 1858.*

## Shaffner *v.* Fishburn.

A warranty may be made before, as well as at the time of sale; when one was made two days before the sale of a horse, it is a question of fact for the jury, whether he was purchased upon the strength of it.

By the Court.—This suit was brought on the warranty of a horse. The questions raised on the trial were, was there a warranty and a breach? Both questions of fact. The only matter of law was as to the time of the warranty, and whether it did or did not form part of the contract. When recommending the horse, Fishburn said he "*would insure him sound, solid, and good;*" he also said, "he would *work every place,* and would *warrant him sound.*" Shaffner then said, "he would be over in a couple of days, and would take him if he was as recommended." A couple of days after, plaintiff visited defendant, and they bargained. Nothing was *then* said about a warranty, and the court left it to the jury to determine whether the plaintiff purchased the property on the strength of the warranty made two days before, with instructions that if he did the warranty was valid. Was this instruction proper? We consider it very clear that the warranty must form part of the contract of sale; but, as we conceive, the authorities decide that it need not be made at the time the bargain

[Shaffner *v.* Fishburn.]

is completed.    In Ld. Raym. 1120, Holt says: " As to the *warrantizando vendidit*, that will be so, though the warranty be before the sale; as if upon a treaty about the buying of certain goods, the buyer should ask the seller if he would warrant them to be of such a value and to be his own goods, and the seller should warrant them; then the buyer should demand the price, and the seller should set it; and then the buyer should take time to consider for two or three days, and then should come and give the seller his price: though the warranty here was before the sale, yet this will be well, because the warranty is the ground of the treaty and this is *warrantizando vendidit*." We find the same doctrine settled in New York in 11 Wend. 584.    Savage C. J., says: " Generally warranties should be made at the time of sale; but, if when the parties are first in treaty respecting the sale, the owner offers to warrant the goods, the warranty will be binding, although the sale does not take place until some days afterward." That case, like the one under consideration, arose on the sale of a horse.    On the trial there was contradictory evidence on several points, but none on the subject of the warranty.    The witnesses differed greatly in opinion in regard to the breach, some thinking the horse sound, good, and steady to work, others that he was wind-broken, otherwise unsound, and entirely worthless, or nearly so.    The jury were the proper judges as to the correctness or credibility of the witnesses, and their decision should weigh greatly with the court.

It is now contended that by the depositions the defendant has established, that the witness who proved the warranty is unworthy of credit.    On consideration that is not made out on anything like legal principles.    The evidence of all the witnesses is directed to some particular facts, and not to general character.    The story told by the witness is, to say the least, quite plausible, if not highly probable.    It seems scarcely probable that one man would purchase a horse from another for his own use and not to sell again, at what the witnesses argue was his full apparent value, without either taking the animal on trial or having a warranty both of soundness and ability to perform the service for which he was about to purchase him.

We see no legal ground to disturb the verdict in this case. Therefore, the motion for a new trial must be overruled and judgment entered on the verdict, when the jury fee is paid.

*Mumma and McCormick, for plaintiff.*

*H. Alricks, for defendant.*